## Case No. 17,576.

WHITING et al. v. BANK OF THE UNITED STATES.

[1 McLean, 249.] [1]

Circuit Court, D. Kentucky. May, 1835. [2]

BILL OF REVIEW—TIME OF FILING—FINAL DECREES—MORTGAGE FORECLOSURE—CONFIRMATION OF SALE.

1. A bill of review is brought for errors apparent on the face of the decree.

2. It is the nature of a writ of error.

3. And the time within which a bill may be filed is limited to five years, by analogy to the limitation of the writ of error.

4. A decree of sale of mortgaged premises, is a final decree.

5. A confirmation of the sale, on the return of the commissioner, if erroneous, affords no ground on which to reverse the original decree.

Mr. Levering, for complainants.
Mr. Pirtle, for defendants.

McLEAN, Circuit Justice. The complainants state that in 1823, the president, directors and company of the Bank of the United States filed their bill against Ruggles Whiting, Enfield Johnson, and Gabriel J. Johnson, stating, that they, in connection with a certain James D. Breckenridge, on the 9th August, 1820, executed their mortgage to the said bank on several lots contiguous to Louisville, to secure the payment of the sum of $9,931.37, which Whiting owed to the bank; which sum was not paid, and the bank prayed the mortgaged estate might be sold to satisfy the mortgage. And at November term, 1826, a decree ordering a sale was pronounced, &c. And the 2d March, 1827, the lots were sold to the bank, at public sale, for the sum of seven thousand dollars. And the complainants represent that before the day of sale Ruggles Whiting deceased, and left several minor children, as heirs, who were not made parties to the proceedings; and the complainants pray that the proceedings and decrees and sale in the cause may be opened, and they permitted to redeem the premises sold, for the following reasons: 1st. It was irregular and erroneous to entertain the bill

[1] [Reported by Hon. John McLean. Circuit Justice.]
[2] [Affirmed in 13 Pet. (38 U. S.) 6.]

and pronounce the decree for foreclosure and sale, without the mortgagor, Breckenridge, being made a party. 2d. It was irregular and erroneous to sell the property. mortgaged, without a revival of the suit against the heirs of the decedent Whiting. 3d. It was unjust and oppressive to sell in the manner and at the price the land was sold for.

The answer states that the death of Whiting was not known at the time of the sale; that the sale was open and fair, and that the bank has sold the lots since the purchase, to various individuals, who have, or some of them have, again transferred lots to others, and that improvements have been made on them, so that the property is now of immense value.

This bill, although somewhat informal, was designed as a bill of review for errors apparent on the face of the decree complained of; and yet, the principal ground relied on is, the death of Whiting, which did not take place until a short time before the sale of the property. This property was owned by Gabriel J. Johnson. in remainder, Mrs. Enfield Johnson having a life estate in it; and Johnson mortgaged it to James D. Breckenridge to indemnify him as his indorser; and Johnson being indebted to Whiting, and Whiting to the bank; to secure which last debt, Whiting, Johnson and Breckenridge, joined in the mortgage to the bank.

The first objection to the decree is, that Breckenridge, being one of the mortgagors, was not made a party to the suit. The answer to this is, that Breckenridge does not complain of the decree. And if he shall make 'no complaint, what right have the heirs of Whiting to complain on his account. They do not even allege, that their interests were in the least degree affected, on account of this omission, in the proceeding. If Breckenridge's interests have been injured by the decree, he has a right to file his bill and set the proceedings aside, so far as regards his own interests; but it is very clear that the heirs of Whiting cannot, on this ground, ask the court to open up the decree. It does not, in fact, appear that Breckenridge was materially interested in the decree. He was. the indorser of Johnson, to pay the debts, in whole or in part, for which he executed the mortgage; and it does not appear, that he was responsible beyond the amount for which the mortgaged premises were sold. We are therefore of opinion, that the omission to make Breckenridge a party, is not such an error in the proceeding, as will authorize the court, at the instance of the present complainants, to open up the former decree.

The second ground, that the decree was irregular and erroneous to sell the mortgaged premises. without a revival against the heirs of Whiting. is the one principally relied on, for the reversal of the decree.

As before remarked, a bill of review lies for error apparent in the decree. Some courts have held that, on a bill of review, any error in the pleadings or evidence may be examined. But the rule is, that this proceeding does not embrace errors which do not appear in the decree. Where the evidence is made a part of the decree, by reference, it constitutes a part of the record; but the sale of the premises in this case is an act done subsequent to the decree, and is rather a consequence of the decree, than a part of it. And if there were error in this, it surely would be no ground on which to open up the decree of sale, unless such decree should be considered interlocutory and not final. The decree of the sale was final between the parties. It fixed their rights and responsibilities, and can no more be considered an interlocutory decree than a judgment at law. The decree was followed by an order of sale, and an actual sale of the premises; as a final judgment is followed by an execution, and a sale of property to satisfy it. In this case then the decree was final, and in no just or technical sense an interlocutory one. And if there be an error in the proceedings subsequent to the decree, it would seem to afford no ground for a bill of review, but redress should be sought by motion at the proper time or in some other form. It would be a singular proceeding to reverse the decree in this case, for the alleged error in the sale. Had the death of Whiting been made known to the court, before the sale was confirmed, the court would probably, as they did in the case of Page's Ex'rs v. Brackenridge [Case No. 10,661], direct the sale to be set aside, and notice given to the heirs of Whiting. But, it appears that the heirs can have but little, if any interest in the property; unless they can take advantage of the immense improvements made on the lots and their great rise in value. It may be to them, or to their assignees, an object of speculation; but are they in justice and by the rules of chancery proceedings entitled to the prayer of their bill.

How have they been injured? Some of the witnesses say that if the lots had been sold in a somewhat different manner, they might have brought some five or ten hundred dollars more at the sale. But this is rendered extremely doubtful, by other facts proved in the case. Their ancestor, Whiting, is proved to have been insolvent, by a large amount, at the time of his decease. A sum much larger than the alleged difference of the sum for which the lots were sold, and for which they might have been sold under the most favorable circumstances. But Whiting never had a title to the mortgaged premises. The fee was in Johnson his debtor. Many years have elapsed since this sale was made; the property has gone into the hands of strangers, who now own it, and who have expended large sums of money in improving it. With its improvements, the property may now be worth several hundred thousand dollars. And the owners of the property are not made parties to this suit. Are their rights to be acted on, when they have had no day in court. Their interests are directly involved, and the court cannot grant the prayer of the complainants, without disturbing these interests; and indeed, without wholly subverting them. By the act of congress, a writ of error is limited to five years; and the supreme court have decided that the same limitation applies to a bill of review, which is in the nature of a writ of error. The decree complained of was entered at November term, 1826, and the sale was confirmed in March, 1827. And it appears that the present bill of review was filed in May, 1833. So that whether the original decree or the confirmation of the sale, be considered the final decree, the limitation had expired before the filing of present bill. And the bank sets up the lapse of time, as a bar to the complainants' bill, The final decree was the decree of sale, and not the confirmation of the sale. And no doubt can exist that on this ground the complainants are bound by the statute; and, it is not perceived, that on either of the other grounds assumed, are they entitled to the reversal of the original decree. The bill must be dismissed at the costs of the complainants.

This cause was taken to the supreme court by an appeal, and the above decree was affirmed. 13 Pet. [38 U. S.] 6.